UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BANKS,<br>Plaintiff,<br>v.<br>AMERICAN AIRLINES, et al.,<br>Defendants. | Case No. 19-cv-04026-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 19 |

Michele Banks alleges that American Airlines discriminated against her based on her race. She also brings a claim of intentional infliction of emotional distress. American moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and alternatively, 12(b)(6) for failure to state a claim upon which relief can be granted.[1] After consideration of the parties' briefing and having had the benefit of oral argument on October 10, 2019, the Court GRANTS American's motion to dismiss for lack of personal jurisdiction. As Ms. Banks' claims do not arise from American's contacts with California, Ms. Banks has not met her burden of showing a prima facie case of personal jurisdiction over American in California.

**BACKGROUND**

**A. Complaint Allegations**

Ms. Banks is a flight attendant for American. On August 22, 2017, as Ms. Banks was preparing a flight from Charlotte, North Carolina to Miami, Florida for boarding, she noticed several Federal Aviation Administration ("FAA") violations, which she reported to the gate

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 25 & 29.)

1   agents. (Dkt. No. 12 at ¶ 12.) The gate agents reported the violations to the supervisor, who then

2   came onto the plane and confronted Ms. Banks in a "threatening manner" about reporting the

3   violations. (*Id.*) After the passengers had boarded the plane, the pilot removed Ms. Banks from

4   the flight, announcing over the intercom that she was the reason for the delay in take-off and that

5   she was being removed from her assignment. (*Id.*)

6   The pilot prepared a report regarding Ms. Banks' removal from the flight, indicating that

7   she was removed for "no reason." (*Id.* at ¶ 13.) Ms. Banks believes that she was removed from

8   duty and was intentionally embarrassed by the pilot because of her race. (*Id.*) When Ms. Banks

9   complained about the discrimination, American continued to discriminate against her, in part by

10  subjecting her to more drug tests than before, causing her to suffer such emotional distress she had

11  to be out on leave. (*Id.* at ¶ 14.)

12  Ms. Banks filed a written complaint with "her Supervisor, her Supervisor's Supervisor, her

13  union representative, and American['s] Human Resources department" ("HR") detailing

14  American's discriminatory treatment. (*Id.* at ¶ 15.) After reporting the incident to HR, it took

15  several months for Ms. Banks to receive a response. (*Id.* at ¶ 16.) HR ultimately represented that

16  "it had conducted and completed a full investigation and found no discrimination"; however, HR's

17  response was brief and offered no explanation as to how they reached their conclusion. (*Id.* at

18  ¶17.) Further, none of the crew members who were present on the August 22 flight were

19  contacted by HR about the incident. (*Id.*) As a result of the incident, Ms. Banks developed and

20  was diagnosed with PTSD, anxiety, depression, and high blood pressure and had to take medical

21  leave from work until early January 2018. (*Id*. at ¶¶ 19, 24.)

22  In November 2017, "the Phoenix base manager of American Airlines, Barbara Trellia,"

23  met with Ms. Banks, her union representative, and the San Francisco base manager in Phoenix.

24  (*Id.* at ¶ 20.) Ms. Trellia told Ms. Banks that "she needed to forget what happened and come back

25  to work." (*Id.* at ¶ 20 (internal quotation marks omitted).) Ms. Banks "flew home that night

26  distraught," and was so upset that "it caused her to have an automobile accident." (*Id.*) Ms. Banks

27  returned to work in January 2018, and on May 8, 2018, Ms. Bank's supervisor and an HR staff

28  member questioned Ms. Banks for two and a half hours about a letter from her previous attorney.

(*Id.* at ¶ 25.) Prior to filing the instant complaint, Ms. Banks filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH") and received a "right-to-sue letter" from DFEH and the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 27.)

**B. Procedural Background**

Ms. Banks filed her original complaint in California state court, and American removed that complaint to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See* Dkt. No. 1 at 3.)[2]

American moved to dismiss the original complaint, (*see* Dkt. No. 10), and Ms. Banks filed an amended complaint. (Dkt. No. 12). The amended complaint asserts claims for race discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a), and intentional infliction of emotional distress. (Dkt. No. 12 at ¶¶ 28-45.) American filed the instant Motion to Dismiss based on lack of personal jurisdiction or alternatively, failure to state a claim upon which relief could be granted. (Dkt. No. 19 (citing Fed. R. Civ. P. 12(b)(2); 12(b)(6)).) The motion is fully briefed and came before the Court for a hearing on October 10, 2019. (Dkt. Nos. 19, 27, 33.)

**DISCUSSION**

American moves to dismiss on the grounds that the Court has no personal jurisdiction over it because American is subject to neither general nor specific jurisdiction in California. Alternatively, American moves to dismiss each count pursuant to Rule 12(b)(6) for failure to state a claim. As discussed below, the Court finds that it does not have personal jurisdiction over American Airlines, and thus, need not reach the merits of the Rule 12(b)(6) contention.

**I.     Rule 12(b)(2) Motion**

On a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the exercise of personal jurisdiction over the defendant is proper. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need

---

[2] The requirements for diversity jurisdiction are met here in that Ms. Banks is a citizen of California and American Airlines is a Delaware corporation that maintains its principal place of business in Texas. (Dkt. No. 19 at 7.*)* Ms. Banks alleges that the amount in controversy exceeds $75,000. (Dkt. No. 12 at ¶ 4.)

3

only make a prima facie showing of jurisdiction to withstand the motion to dismiss. *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution. *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014); *see also* Cal. Code Civ. Proc. § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). The California statute is coextensive with federal due process requirements, and thus, the jurisdictional analysis is the same. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 (9th Cir. 2004).

There are two categories of personal jurisdiction: general and specific. *Bristol-Meyers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1780 (2017). General jurisdiction over a corporation is appropriate only in the forum where the corporation is incorporated or has its principal place of business, or in an exceptional case where the corporation's contacts with the forum state are "so constant and pervasive as to render [it] essentially at home in the forum State." *Daimler AG,* 571 U.S. at 122 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)).

For the court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum state. *Bristol-Meyers,* 137 S. Ct. at 1780. "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear,* 564 U.S. at 919). Thus, "[s]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear,* 564 U.S. at 919.

**A. General Personal Jurisdiction**

A court has general personal jurisdiction over a corporate defendant in a forum where "the corporation is fairly regarded as at home." *Daimler AG,* 571 U.S. at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011)). Absent "exceptional circumstances," a court has general jurisdiction over a corporate defendant (1) where it is incorporated and (2) at its principal place of business. *Id.* at 138-139. Merely engaging "in a

4

substantial, continuous, and systematic course of business" in a forum is insufficient for the court to exercise general personal jurisdiction over the defendant in that forum. *Id.*

General jurisdiction over American is lacking in California because American is not incorporated nor has its principal place of business in California. Indeed, Ms. Banks' opposition to the motion to dismiss does not even address general jurisdiction. Nonetheless, at oral argument Ms. Banks argued that *Daimler* held that state of incorporation and principal place of business are merely the "paradigm bases" for general jurisdiction. Her counsel asserted that the Court has general jurisdiction over American because it has one of its "huge hubs" in the state of California. If the Court were to accept this proffer, California would have general jurisdiction over nearly every corporation in the United States, as many corporations have "huge hubs" in California.

"Merely engaging 'in a substantial, continuous, and systematic course of business' in a particular jurisdiction is insufficient to permit the exercise of general personal jurisdiction there." *Agher v. Envoy Air Inc.,* No. CV-18-6753-R, 2018 WL 6444888, at *1 (C.D. Cal. October 12, 2018) (citing *Daimler AG*, 571 U.S. at 137.) In *Agher*, for example, American was sued for wrongful termination by a plaintiff domiciled in California. *Id.* The court held that the plaintiff had not met its burden of showing general jurisdiction despite the allegations that "16% of American's flights involve departures from or arrivals in California. Approximately 8500 American employees… are based in California." The court concluded that "American's contacts with California are certainly not so substantial as to make American 'at home' in California." *Id.* at 2. Ms. Banks has not identified any facts, alleged or otherwise, that would make this one of the "exceptional case[s]" where American is essentially "at home" in California. American is an international airline that "can scarcely be deemed at home" in all the locations to which it flies. *Daimler AG,* 571 U.S. at n.20.

Ms. Banks has not made a prima facie showing of general personal jurisdiction over American in California.

**B. Specific Personal Jurisdiction**

The Ninth Circuit has a adopted a three-part test for analyzing a claim of specific jurisdiction: "(1) [t]he non-resident defendant must purposefully direct his activities or

5

consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim must "arise[ ] out of or relate[ ] to the defendant's forum-related activities; and (3) the exercise of jurisdiction must . . . be reasonable." *Schwarzenegger,* 374 F.3d at 802. The plaintiff has "the burden of satisfying the first two prongs"; if it does so, the defendant must demonstrate that the court's exercise of personal jurisdiction would be unreasonable. *Id.* "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co.*, 453 F.3d at 1155 (internal quotation marks and citation omitted).

### 1. Purposeful Availment

Ms. Banks must first demonstrate that American purposefully availed itself of the forum state—California. *Schwarzenegger,* 374 F.3d at 802. She argues that American purposefully availed itself of the forum via "its continuous flights into and out of California—which accounts for approximately 13% of Defendant's gross business dealings." (Dkt. No. 27 at 10.) In addition, 8% of American's workforce consists of California-based personnel. (*Id.*) American does not address the "purposeful availment" prong of the specific jurisdiction analysis, however, American's contacts and presence in the state satisfy the first prong. *See Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) ("In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."). American's flights to and from California indicate that it derives commercial benefit from the flight operations in the state and creates a substantial connection with the forum. *Id.* The same activity also shows how American purposefully directs its activities at residents in the forum. *Id.*

American's lack of personal jurisdiction argument rests on the second prong of the analysis; specifically, that Ms. Banks' claims do not arise out of American's California-related activities.

### 2. Arising Out of Forum-Related Activities

The second prong requires Ms. Banks to establish that her claims arose from American's activities in California. *Schwarzenegger,* 374 F.3d at 802. Ms. Banks fails to do so. Her opposition baldly asserts that Ms. Banks experienced "continuous discrimination" by American "arising out of [its] contacts with California" (Dkt. No. 27 at 11); however, nothing related to the August 22 incident or any of the alleged subsequent discrimination arose from American's contacts with California.

Ms. Banks attests that she "was hired out of San Francisco, California in 1989" and "[f]rom 2013 through December 2018," she was a flight attendant based out of Arizona.[3] (Dkt. No. 28 at ¶ 2(a).) She alleges that the August 2017 incident occurred on a flight departing from North Carolina to Florida. (Dkt. No. 12 at ¶ 12.) The subsequent acts of discrimination related to the HR investigation occurred in Arizona, where the drug test also occurred. (Dkt. No. 19-6 at 3.) Ms. Banks did *reside* in California and commuted to work in Arizona during the time in question (*see* Dkt. No. 19-5, Ex. E at ¶ 8); however, the allegedly discriminatory conduct did not *occur* in California and was otherwise unrelated to American's contacts with the forum. The personal jurisdiction inquiry considers the defendant's contacts with the forum state itself, not the defendant's contacts with people who maintain their residence in the state. *Walden v. Fiore,* 571 U.S. 277, 285-86 (2014); *see also Hatset v. Century 21 Gold Coast Realty,* 649 F. App'x 400 (9th Cir. 2016) (holding that personal jurisdiction did not exist where the only connection between the defendant and California was plaintiff's California residency). In addition, "the formation of a contractual relationship with a resident is not, in itself, sufficient to create specific jurisdiction over a non-resident." *Del Toro v. Atlas Logistics,* No. 1:12-CV-01535-AWI-BAM, 2013 WL 796593, at *4 (E.D. Cal. March 4, 2013) (rejecting argument that defendant "availed itself to [the court's] personal jurisdiction" by "reaching across state lines to contract employment services from [p]laintiff and other California residents") (citing *Burger King,* 471 U.S. at 478). Thus, even if Ms. Banks entered into her employment contract with American in California, such

---

[3] Ms. Banks attests that she was transferred to San Francisco, California in December 2018, "where [she] remain[s] formally based while out on leave as a result of debilitating anxiety and PTSD stemming from Defendant's wrongful conduct." (Dkt. No. 28 at ¶ 2(b).) She further attests that she "stop[ped] working for American Airlines from May 9, 2018 until present." (*Id.* at ¶ 17.)

7

circumstance alone is insufficient to hail American into a California court for conduct that occurred outside the forum. *See Agher*, 2018 WL 644888 at *2.

Because the alleged discrimination did not arise out of American's forum-related activities, the Court does not have specific jurisdiction over American. Accordingly, the Court does not address the reasonableness of the exercise of jurisdiction. *See Schwarzenegger,* 374 F.3d at 802 (noting that the burden shifts to the defendant to demonstrate unreasonableness only if plaintiff satisfies the first two prongs); *see also Pebble Beach Co.*, 453 F.3d at 1155 ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.") (internal quotation marks and citation omitted).

Ms. Banks' insistence that if the court fails to find personal jurisdiction, it will contribute to a pattern of "unprosecuted constitutional violations" (Dkt. No. 27 at 11) misapprehends personal jurisdiction. Courts in other states have personal jurisdiction over Ms. Banks' claims, thus the claims can be raised in those forums. For example, a Delaware or Texas district court would have general jurisdiction over American. A North Carolina district court might have specific jurisdiction over American because that is where the original incident occurred. *See Bristol Meyers,* 137 S. Ct. at 1780. Further, the suit could likely be brought in Arizona, as Ms. Banks' "base hub" was in Phoenix, Arizona during the time of all of the allegations contained in her complaint. But Ms. Banks may not sue American in a California court merely because it is more convenient for her and her counsel. This Court cannot exercise specific personal jurisdiction over American Airlines.

**CONCLUSION**

As there is no general jurisdiction over American in California and Ms. Banks' claims do not arise out of American's contacts with California, American's motion to dismiss for lack of personal jurisdiction is GRANTED. The dismissal is without leave to amend as at oral argument Ms. Banks was unable to identify any additional facts related to the claims currently pled that would meet her prima facie personal jurisdiction burden. The dismissal is also without prejudice to Ms. Banks bringing her claims in a state with personal jurisdiction over American. As Ms.

8

Banks did not ask the case to be transferred to a court with personal jurisdiction, the Court declines to exercise its discretion to do so.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: October 29, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge